# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MELVIN MOORING, ) | Criminal Action No.: 1:13-cr-92 |
| ) | Civil Action No.: 1:16-cv-437 |
| *Defendant*. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Juan de Dios Garcia Mercado's Motion to Vacate, set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 25. The government has filed a response in opposition, to which the Petitioner replied. Dkt. Nos. 28, 29. For the reasons stated below, the Court finds the motion is untimely.

### I. Background

On March 8, 2013, Petitioner appeared before this Court and pled guilty to a two count criminal information charging Petitioner with wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and tax evasion, in violation of 26 U.S.C. § 7201. Dkt. No. 6. These charges were based on Moorings activities while chief financial officer of K&R Industries, a corporation based in Chantilly, Virginia. Dkt. No. 7. As Chief Financial Officer, Petitioner was responsible for all financial aspects of the corporation. *Id.* He had access to and authority over the corporation's bank accounts and was responsible for maintaining the corporation's financial records. *Id.* From 2004 until 2011, Petitioner stole over $3.3 million from K&R Industries through fraudulent wire transfers and company checks. *Id.* In addition, in an attempt to conceal the fraudulent scheme, Petitioner filed false and fraudulent federal income tax returns. *Id.*

Pursuant to the terms of the plea agreement, the government and the Petitioner agreed to recommend that certain provisions of the United States Sentencing Guidelines be applied to Petitioner's offenses. Consistent with the plea agreement, the United States Probation Office, through its Presentence Investigation Report, recommended a Guideline range of seventy to eighty-seven months imprisonment on Count One and sixty months imprisonment on Count Two. Dkt. No. 11. Petitioner's counsel filed a sentencing position paper, arguing that a sentence of forty-eight months was appropriate, based on Petitioner's background and in light of the nature of the offence. Dkt. No. 14.

On June 7, 2013, the Court sentenced Petitioner to seventy-two months incarceration on Count One, and sixty months incarceration on Count Two, to be served concurrently. Dkt. No. 17. Petitioner was also ordered to pay restitution in the amount of $3,541,003.57. *Id.* Petitioner did not appeal his conviction or his sentence.

On April 13, 2016, petitioner filed the pending Motion for relief pursuant to 28 U.S.C. § 2255. Dkt. No. 25. Petitioner set forth several grounds upon which he argues relief should be granted, including ineffective assistance of counsel.

## II. Discussion

The government opposes the pending Motion on several grounds. The government first argues that the motion should be denied as untimely.

A petitioner is entitled to relief under 28 U.S.C. § 2255 if he demonstrates either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A one year time limit applies to all § 2255 motions. 28 U.S.C. § 2255(f);

*Clay v. United States*, 537 U.S. 522, 524 (2003). All § 2255 motions must be filed within one year of the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Milan v. United States*, 57 F. Supp. 3d 571, 578 (E.D. Va. 2014). Only the first of these four dates is applicable in this case as Mooring has not argued that the government prevented him from filing this motion earlier, that the Supreme Court has recently recognized a new right that he now asserts, or that he could not have discovered the supporting facts until recently.

The judgment of conviction was entered on June 7, 2013. Mooring did not appeal, so the one year clock started on that date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Mooring did not file his § 2255 Motion until April 13, 2016, well after the one-year clock had run. The Motion is thus untimely.

The Court also does not find that the one-year time limit should be tolled in this case. "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside v. United States*, 775 F.3d 180, 184-85 (4th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177

L.Ed.2d 130 (2010)); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding equitable tolling of § 2255 motion available when petitioner "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"). Mooring has failed to identify how he has been pursuing his rights diligently over the last three years. Mooring has also failed to identify any circumstances that prevented him from filing this Motion within the one year time limit.

Because the Motion is untimely and there is no reason to toll the one-year time limit, the Court finds this § 2255 Motion must be dismissed.

### III. Conclusion

As set forth above, the Court finds good cause to DENY the Motion. An appropriate Order will issue.

August 9, 2016
Alexandria, VA

/s/
Liam O'Grady
United States District Judge